UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AKEEM FALKINS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 13-3041** |
| **STEVE RADER, WARDEN** | * | **SECTION: "G"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. Section 2254(e)(2). For all of the following reasons, **IT IS HEREBY RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE AS UNTIMELY.**

I.      **Procedural Background**

Petitioner, Akeem Falkins, is a state prisoner incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.  On February 2, 2010, Falkins pled guilty in Case No. 09-3283 Div. "N", 24th Judicial District Court, Parish of Jefferson, Louisiana, to one count of sexual battery on a victim under thirteen years of age, in violation of La. Rev. Stat. §14:43,[1] and, in Case No. 09-1133, to one count of possession of marijuana, second offense, in violation of La. Rev. Stat. §40:966 C.[2]  He was subsequently sentenced to serve a term of 35 years, 25 years of which are to be served without benefit of parole, probation or suspension of sentence, on the sexual battery charge and to a term of 5 years, at hard labor, with credit for time served, on the possession of marijuana, second offense charge, both sentences to run concurrently.[3]  Since the procedural path taken by Falkins relative to each of these convictions differs somewhat after his sentences were imposed, the court discusses each in turn.

---

[1]Petitioner was originally indicted with aggravated rape, in violation of La. Rev. Stat. §14:42 but pled to the lesser charge.

[2]State Rec. vol. 1, Tab 5, Transcript of Guilty Plea dated 2/2/10. Falkins is also serving a concurrent sentence of five years imprisonment at hard labor, imposed in the 24th Judicial District Court in Case No. 08-202, after having pled guilty to possession with intent to distribute marijuana, in violation of La. Stat. Rev. 40:966A.  That conviction is not the subject of challenge in the instant federal habeas petition.

[3]State Rec. vol. 1, Tab 5, Transcript of Guilty Plea dated 2/2/10 at p. 8.

A.    Case No. 09-1133

As to Case No. 09-1133, Falkins did not appeal his conviction or sentence.  However, on or about December 15, 2011,[4] Falkins filed a pro se Uniform Application for Post Conviction Relief in the state district court[5], raising three claims for relief: 1) that his guilty plea was entered involuntarily, by coercion, intimidation, and under duress; 2) that he received ineffective assistance of counsel "by misleading advice", allowing him to plead guilty without an understanding of the rights he was relinquishing, and, 3) that his continued incarceration violated due process.[6]  On April 23, 2012, the state district judge denied relief.[7]

On June 26, 2012, Falkins filed a Motion for Extension of Time for Briefing Time and Request for a Return Date.[8]  On July 3, 2012, Falkins was advised by letter that his Motion for Extension of Time for Briefing Time and Request for a Return Date was accepted only for Case No. 09-1133 and that he would have to file a new motion for Case No. 09-3283, with which he

---

[4]The affidavit attached to his post-conviction application is signed and dated on December 15, 2011. See State Rec. vol. 1, Tab 4. Louisiana applies a mailbox rule for filings by pro se prisoners, deeming a pleading filed when the prisoner gives it to prison authorities for filing, i.e., generally the date when the petition is signed and dated. Richards v. Thaler, 710 F.3d 573 (5th Cir. 2013) (citing Causey v. Cain, 450 F.3d 601, 606-07 (5th Cir. 2006). Thus the court uses December 15, 2011 as Falkins' filing date.

[5]Falkins challenged both of his convictions and sentences in Case Nos. 09-1133 and 09-3238 in this post-conviction application.

[6]State Rec. vol. 1, Tab 4.

[7]State Rec. vol. 1, Tab 3 contains a copy of this decision.

[8]State Rec. vol. 1, Tab 2. The motion originally listed both Case Nos. 09-1133 and 09-3283, but 09-3283 was scratched out in the caption.

3

complied.[9] On July 30, 2012, the state district court denied the request for an extension of the return

date as untimely as to Case No. 09-1133 since Falkins had failed to comply with Rule 4-2 of the

Louisiana Uniform Rules, Courts of Appeal and timely file a notice of intention to apply for

supervisory review.[10]  On or about August 21, 2012,[11] Falkins filed a writ application with the

Louisiana Fifth Circuit Court of Appeal, Writ No. 12-KH-671, challenging the state district court's

denial of his Motion for Extension of Time for Briefing Time and Request for a Return Date in Case

No. 09-1133.[12] On October 25, 2012, the Louisiana Fifth Circuit Court of Appeal denied relief,

finding no error in the trial court's decision to deny an extension of time. State v. Falkins, Writ No.

12-KH-671 (La. App. 5th Cir. October 25, 2012) (unpublished).[13]

On November 14, 2012, petitioner filed a writ application with the Louisiana Supreme Court

---

[9]State Rec. vol. 1, Tab 2.

[10]State Rec. vol. 1, Tab 1.

[11]See State Rec. vol. 3, Tab 22 for writ application. Falkins signed the application on August 21, 2012, it was post-marked on August 22, 2012 and was filed on September 5, 2012. Applying Louisiana's mailbox rule, the court uses the earlier date as the filing date.

[12]Although the writ application listed both Case Nos. 09-1133 and 09-3283, Falkins only challenged the trial court's denial of an extended return date in Case No. 09-1133. No claim was made relative to Case No. 09-3283.

[13]State Rec. vol. 3, Tab 22 contains a copy of both the writ application and the Louisiana Fifth Circuit's decision. The Louisiana Fifth Circuit's ruling clearly states that Falkins was only seeking review of the trial court's denial of his "Motion for Extension of Time for Briefing Time and Request for a Return Date" in 09-1133 and that he had already been granted an extended return date of September 7, 2012 in Case No. 09-3283.

in which he raised the three claims enunciated on page 3.[14]  On April 5, 2013, the Louisiana Supreme Court denied relief. State ex rel. Falkins v. State, 110 So.3d 1068 (No. 12-2484) (La. 04/05/12).[15]

      B.    Case No. 09-3283

Relative to Case No. 09-3283, on February 26, 2010, Falkins filed a timely Motion for Appeal.[16]  On June 28, 2010, however, his attorney filed an Anders[17] brief attesting that there were no non-frivolous issues to be raised on appeal, and a motion to withdraw as counsel.[18] On July 12, 2010, Falkins' request to file a supplemental pro se brief was granted, however one was never filed.[19] The Louisiana Fifth Circuit denied appellate counsel's motion to withdraw on December 3, 2010 and ordered appellate counsel to file a new brief.[20]  On March 1, 2011, the Louisiana Fifth Circuit Court of Appeal dismissed the appeal upon petitioner's request.[21] Petitioner did not seek review of this judgment from the Louisiana Supreme Court.

---

[14]State Rec. vol. 3, Tab 21. The writ application was signed by Falkins on November 14, 2011, was post-marked on November 15, 2012 and was filed on November 20, 2011. The court uses the earlier date of November 14, 2011.

[15]State Rec. vol. 3, Tab 21 contains a copy of this decision.

[16]State Rec. vol. 2, Tab 17.

[17]Anders v. California, 386 U.S. 738 (1967).

[18]State Rec. vol. 3, Tab 23.

[19]State Rec. vol. 3, Tab 23.

[20]State Rec. vol. 3, Tab 23.

[21]State Rec. vol. 3, Tab 23.

Instead, on December 15, 2011, Falkins pursued post-conviction relief in the state district court.[22]  On April 23, 2012, the state district judge denied relief.[23]  On May 4, 2012, Falkins filed a Notice of Intent and Request for Return Date in Case No. 09-3283 with the state district court, which was granted with a return date of July 13, 2012.[24]  In compliance with the court's July 3rd, 2012 order, he then filed for an extension of time as to Case No. 09-3283 only[25] and the state district judge granted an extended return date of September 7, 2012 as to Case No. 09-3283.[26] Despite the extended return date, Falkins failed to file a writ application with the Louisiana Fifth Circuit Court of Appeal.[27] Instead, he filed a writ application with the Louisiana Supreme Court on November 14, 2012, raising the same three claims he had raised on post-conviction relief before the trial court.[28]

---

[22]State Rec. vol. 2, Tab 15.

[23]State Rec. vol. 2, Tab 13 contains a copy of this decision.

[24]State Rec. vol. 2, Tabs 11 and 12.

[25]State Rec. vol. 2, Tab 9, 10.

[26]State Rec. vol. 2, Tab 7.

[27]At that time, Falkins only filed a writ application with the Louisiana Fifth Circuit complaining that the trial court had denied his Motion for Extension of Time for Briefing Time and Request for a Return Date as to Case No. 09-1133. Since the trial court had granted his extension of time in Case No. 09-3283, said writ was clearly inapplicable to that case.

[28]State Rec. vol. 3, Tab 21. In this writ application, Falkins again complained that the trial court had erroneously denied his Motion for Extension of Time for Briefing Time and Request for a Return Date in Case No. 09-1133.  He did not acknowledge the trial court's granting of an extended return date in Case No. 09-3283.

The Louisiana Supreme Court denied relief on April 5, 2013. State ex rel. Falkins v. State, 110 So.2d 1068 (La. 4/5/13).[29]

      C.     Federal Habeas Petition

     On April 30, 2013, Falkins filed his federal habeas petition attacking both of his convictions in Case Nos. 09-3283 and 09-1133.[30]  Falkins' petition, deemed filed in this court on April 30, 2013,[31] raises the following claims: 1) he has been denied due process of law because his guilty pleas were involuntarily made under duress, coercion, and intimidation; 2) he was denied effective assistance of counsel "by misleading advice", allowing petitioner to plead guilty without an understanding of the rights he was relinquishing before, during, and after due proceedings were had;

---

[29]State Rec. vol. 3, Tab 21.

[30]Although Falkins' federal habeas application only lists his conviction in Case No. 09-1133 as the conviction under attack, see Fed. Rec. Doc. 1, response to question 1(b), the petition as a whole challenges both Case Nos. 09-1133 and 09-3283. Construing the pro se petition liberally, the court addresses both convictions in this Report and Recommendation.

[31]See Fed. Rec. Doc. 1, signed by Falkins on April 30, 2013 and filed on May 17, 2013, after the granting of pauper status. The U.S. Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, when submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing.  See Colarte v. Leblanc, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); Magee v. Cain, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); Punch v. State, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).The court thus gives Falkins the benefit of the earlier date of April 30, 2013, the date he signed the petition, when calculating his federal limitations period.

and, 3) his continued incarceration is a violation of his rights to due process and equal protection of the law.

The threshold questions in habeas review under AEDPA are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State responds that petitioner is untimely in bringing his federal habeas petition.[32]  For the following reasons, the court finds the State to be correct.

## II.    Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. §2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of the time for seeking review. See 28 U.S.C. § 2244(d)(1)(A) (West 2013), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.[33]

---

[32]The State also asserts that Falkins' claims are unexhausted. Since the court concludes the petition is time-barred, the issue of exhaustion is pre-termitted.

[33]28 U.S.C. §2244(d)(1)(B) and (C) set forth two exceptions to this rule for petitioners who seek relief based upon a newly recognized and retroactively applied constitutional right and for a claim whose factual predicate could not have been discovered earlier, with due diligence.  However, neither of these exceptions apply to Falkins' claims.

With regard to the timeliness of Falkins' claims arising out of Case 09-1133, Falkins' pled guilty and was sentenced on February 2, 2010.[34] He did not appeal.  Thus his conviction became final thirty days thereafter, pursuant to La. C. Cr. P. art. 914, or on March 4, 2010.

Under a plain reading of the statute, Falkins then had one year within which to file his federal habeas petition, or a deadline of March 4, 2011.  Falkins did not file his federal habeas petition with this court until April 30, 2013.[35]  Thus, his challenge to his 2010 conviction must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Falkins filed his first state post-conviction application on December 15, 2011. This filing, however, was too late to toll the federal statute of limitations which had already expired on March 4, 2011. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000)(state post-conviction application did not toll federal limitations period when it was filed after the period of limitation had expired); Matos v. Rader, 2013 WL 663759 (E.D. La., Feb. 2, 2013)(state post-conviction applications filed after the expiration of the federal statute of limitations have no bearing on the timeliness of a federal habeas application). Therefore, Falkins' claims relative to his conviction in 09-1133 are time-barred from federal review.

---

[34]State Rec. vol. 1, Transcript of Guilty Plea dated 2/2/10.

[35]Fed. Rec. Doc. 1.

The State asserts that Falkins is also time-barred from federal habeas review with regard to his claims arising out of his conviction in Case. No. 09-3283.  As previously stated, in that case Falkins pled guilty and was sentenced on February 2, 2010 and thereafter filed a Motion for Appeal on February 26, 2010. However, his appeal was subsequently dismissed, *at his own request*, on March 1, 2011[36] and he sought no further direct review from the Louisiana Supreme Court.

The question is when did Falkins' conviction in Case No. 09-3283 become final, for purposes of determining the commencement of the federal one year limitations period? Was it final immediately upon the voluntary dismissal of his direct appeal by the Louisiana Fifth Circuit or thirty days later when the time for seeking the Louisiana Supreme Court's review of that judgment expired? The language of § 2244(d)(1)(A) provides that a decision becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." See also, Jimenez v. Quarterman, 555 U.S. 113 (2009) (state conviction becomes final under AEDPA when there is no further "availability of direct appeal to the state courts.")  Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008); Foreman v. Dretke, 383 F.3d 336, 338-39 (5th Cir. 2004). As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. Butler, 533 F.3d at 317; Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Louisiana Supreme Court Rule X, § 5(a) states that an application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has

---

[36]State Rec. vol. 3, Tab 23.

granted relief on an application for supervisory writs . . ., or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . ."  Louisiana law, does not specifically address whether a judgment can be reviewed when it has resulted from a voluntary dismissal of an appeal. However, in State v. Perkins, 988 So.2d 793, 799 (La. App. 4th Cir. 2008), the court stated, "The [Louisiana] Supreme Court [in City of Shreveport v. Jones, 135 So. 373, 374 (La. 1931)] noted that 'the dismissal of an appeal in a criminal case has all the effect of an affirmance of the conviction and sentence.' " In the event of an affirmance of Falkins' conviction, he would then have had thirty days to seek review from the state's highest court, pursuant to La. Sup. Ct. Rule X, § 5(a). Thus, in an abundance of caution, this court finds that Falkins' conviction became final, for federal limitations purposes, thirty days after the Louisiana Fifth Circuit Court of Appeal granted his request for voluntary dismissal of his direct appeal.[37]  Falkins' appeal was dismissed on March 1, 2011 thus his conviction would be deemed final for federal limitations purposes on March 31, 2011.

Falkins then had one year within which to file his federal habeas petition, or a deadline of March 31, 2012.  Falkins did not file his federal habeas petition with this court until April 30,

---

[37]Cf. Mark v. Thaler, 646 F.3d 191 (5th Cir. 2011)(inmate's conviction became final, triggering the limitations period for filing his habeas petition, at the end of the 30-day period in which he could have sought further direct review in state court under state law, rather than the day on which his motion for voluntary dismissal of his direct appeal was granted. Court noted that, under Texas law, the option remained for petitioner to seek further discretionary review); Hartman v. Johnson, 2011 WL 4443233 (E.D. La. 8/16/11), where the court "in an abundance of caution" statutorily tolled the federal limitations period for the thirty days allowed by state law for seeking appellate review of a voluntary dismissal of a state post-conviction application.

2013.[38]  Thus, his federal habeas claims as to Case No. 09-3283 must be dismissed as untimely, unless the one-year statute of limitations period was statutorily tolled as a result of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim".  See 28 U.S.C. §2244(d)(2).

Falkins filed a post-conviction application with the state district court on December 15, 2011, after allowing a total of 259 days of his one year limitations period to lapse. The federal limitations period was therefore tolled while the post-conviction application remained "pending". A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.' " Carey v. Saffold, 536 U.S. 214, 219–20 (2002); Williams v. Cain, 217 F.3d 303, 310 (5th Cir. 2000) (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review is unavailable under Louisiana's procedures.'") (quoting Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir.1999)); see also Melancon v. Kaylo, 259 F.3d 401, 405 (5th Cir. 2001). Falkins' state post-conviction application was "in continuance" until he failed to file a writ application with the Louisiana Fifth Circuit on the extended return date of September 7, 2012.[39] At that point, his federal limitations period once again commenced to run.  Although Falkins filed a writ application with the Louisiana Supreme Court on November 14, 2012, this application was not "properly filed",[40] in that

---

[38]Fed. Rec. Doc. 1.

[39]Although Falkins filed a writ (No. 12-KH-671) with the Louisiana Fifth Circuit on August 21, 2012, the application challenged only the state district court's denial of his Motion for Extension of Time for Briefing Time and Request for a Return Date in Case No. 09-1133 and raised no issues relevant to case No. 09-3283.

[40]In order for a state post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must have complied with all of the State's procedural

petitioner had failed to first file his claims for post-conviction relief with the Louisiana Court of Appeal. Since the Louisiana Supreme Court writ application was improperly filed, it did not toll the federal limitations period and Falkins' federal limitations period continued uninterrupted, expiring 106 days after September 7, 2012 or on December 24, 2012. Falkins' federal habeas application, filed on April 30, 2013, was therefore untimely.

### III.   Equitable Tolling

The Supreme Court has affirmed that the AEDPA "statute of limitations defense ... is not jurisdictional." Holland v. Florida, – U.S. –, –, 130 S.Ct. 2549, 2560 (2010).  As such, the federal statute of limitations is customarily subject to equitable tolling. Id. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." Rivera v. Quarterman, 505 F.3d 349, 353 (5th Cir. 2007), citing Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998).

The Holland court adopted the established standard for determining whether equitable tolling applies: "[T]hat a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). See also Davis, 158 F.3d at 810. "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), quoting Rashidi v.

---

requirements, such as timeliness and place of filing. Pace v. DiGuglielmo, 544 U.S. 408, 413–14 (2005); Williams v. Cain, 217 F.3d 303, 306–07 n. 4 (5th Cir.2000); Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir.1999), reh'g denied, 196 F.3d 1259 (5th Cir.1999).

American President Lines, 96 F.3d 124, 128 (5th Cir. 1996).  What constitutes an "extraordinary circumstance" necessarily involves a "fact-intensive" inquiry.  Holland, 130 S.Ct. at 2565. "In order for equitable tolling to apply, the applicant must diligently pursue his §2254 relief." Id.  Moreover, the petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. Philips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

In this instance, Falkins has made no specific argument in favor of equitable tolling, despite the State's asserted time-bar defense and nothing in the record supports a request for equitable tolling. Falkins' federal habeas application challenging his convictions in Case Nos. 09-1133 and 09-3283 are, therefore, deemed time-barred from this court's consideration.

Accordingly,

## RECOMMENDATION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the petition for federal habeas corpus relief filed by Akeem D. Falkins be **DISMISSED WITH PREJUDICE AS UNTIMELY.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted  by  the district court, provided that the party has been served with notice that such consequences will result from

14

a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en

banc). [41]

New Orleans, Louisiana, this 27th day of August, 2013.

_____
SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

---

[41]*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.